IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GROOMS, <br> EDDIE BRANTLEY, <br> STANLEY HUNTER, <br> UYLONDA HENDERSON, and <br> ALLISAH LOVE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO POLICE <br> OFFICERS DAVID TENCZA, # 9203, <br> MICHELLE WANTUCK, #19973, <br> SERGEANT JOHN LEE, #909, and <br> THE CITY OF CHICAGO, <br><br> Defendants. | Case No. 07 C 6176 <br><br> Judge Andersen <br><br> Magistrate Judge Valdez |

### THE CITY OF CHICAGO'S MOTION TO VACATE
### ORDER ENTERED BY JUDGE BUCKLO ON NOVEMBER 29, 2007

Defendant, the City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby moves this Court for entry of an order vacating an order entered by the Honorable Elaine E. Bucklo on November 29, 2007. In support of this motion, the City states as follows:

1.  On or about November 21, 2007, Plaintiffs filed their "Motion for an Emergency Appearance" (hereinafter, "Emergency Motion") and their "Motion to Preserve 911 Intake Calls, Dispatch Tapes and Event Entries Via Computer From the OEMC, Tapes of Intake Calls and Event Entries Via Computer From OPS, and Security Video/Tapes From the City of Chicago Auto Pound" (hereinafter, "Motion to Preserve 911 Intake Calls"). Copies of both motions are attached hereto as Group Exhibit I.

1

2. On the same date, November 21, 2007, Plaintiffs filed a Notice of Motion, indicating that they would present the Emergency Motion and the Motion to Preserve 911 Intake Calls at 9:00 a.m. on Thursday, November 29, 2007, before the Honorable Wayne R. Andersen, the Judge assigned to this case, in Courtroom 1403.  The Notice of Motion is included in Group Exhibit I.

3. Upon information and belief, on November 28, 2007, Plaintiffs filed their "Motion to Preserve the Hard Drive Plus Entries Via Computer From the City of Chicago Fourth District Police Station and Security Camera Hard Drive From the City of Chicago Auto Pound" (hereinafter, "Motion to Preserve the Hard Drive").  A copy of the Motion to Preserve the Hard Drive is attached hereto as Exhibit II.

4. Upon information and belief, Plaintiffs did not file a Notice of Motion for their Motion to Preserve the Hard Drive.

5. On November 29, 2007 - - the date Plaintiffs selected to present to this Court their Emergency Motion and Motion to Preserve 911 Intake Calls - - the undersigned attorney appeared in Judge Andersen's courtroom to represent the City.  The undersigned attorney arrived well before 9:00 a.m., the time indicated on Plaintiffs' Notice of Motion.  Prior to 9:00 a.m., the undersigned attorney saw in the courtroom neither of the two Plaintiffs who had previously appeared in the case.  Upon information and belief, these two Plaintiffs were Uylonda Henderson and Allisah Love.

6. At 9:00 a.m. or shortly thereafter, Judge Andersen appeared in the courtroom and explained to those present that he would be unable to hear the cases on his 9:00 a.m. call that day except for emergency matters.  Judge Andersen specifically asked everyone in the courtroom

whether there were any emergency matters that needed his attention. No one responded. Consequently, Judge Andersen asked that everyone present talk to his courtroom personnel before departing the courtroom about rescheduling the matters that had been scheduled for that day and time. At that point, Judge Andersen left the courtroom.

7.     Anticipating that the tardy Plaintiffs might still appear in Judge Andersen's courtroom, the undersigned attorney for the City waited to step forward until nearly all of the other attorneys and parties in the courtroom had gone before Judge Andersen's courtroom personnel to reschedule their cases. When the undersigned attorney finally stepped forward, neither Plaintiff Henderson nor Plaintiff Love was present in Judge Andersen's courtroom, and none of Judge Andersen's courtroom personnel indicated that they had received any communication from any of the Plaintiffs indicating that they would be late or unable to attend the hearing that they had requested.

8.     In light of the fact that Plaintiffs had not yet shown up, the undersigned attorney could have asked that Plaintiffs' motions be stricken or denied. Instead, the undersigned attorney recommended to Judge Andersen's courtroom personnel that Plaintiffs' motions be entered and continued to January 10, 2008, a date that Judge Andersen had previously selected to hold a status hearing. It was the undersigned attorney's understanding and belief that such an order had been entered. Before departing the courtroom, the undersigned attorney spent some time discussing the status of the case with one of Judge Andersen's law clerks, at her request. At the time the undersigned attorney left Judge Andersen's courtroom, upon information and belief, none of the Plaintiffs had appeared in his courtroom.

9.     The undersigned attorney does not know whether any of the Plaintiffs ever

appeared in Judge Andersen's courtroom on November 29, 2007, the date that they had selected to present their motions. Evidently, however, and without prior notice to the City or the undersigned attorney, Plaintiff Allisah Love did appear before the Honorable Elaine Bucklo in an entirely different courtroom at 9:55 a.m. on November 29, 2007. A copy of the transcript of the proceeding is attached hereto as Exhibit III.

10. As is evident from the transcript of the proceeding, Judge Bucklo expressed reservations about granting "essentially injunctions without notice to the other side unless it's really that much of a problem." Transcript at 2. In response, Plaintiff Love informed Judge Bucklo that Plaintiff Love "would prefer that the defendant, the counsel for the defendants are here ... ." Plaintiff Love failed to inform Judge Bucklo, however, that counsel for the City - - namely, the undersigned attorney - - unlike the Plaintiffs, in fact had been in the proper place at the proper time that day: Judge Andersen's courtroom at 9:00 a.m. As a result, Judge Bucklo was not informed that counsel for the City had been present to address Plaintiffs' purported emergency and motions. Judge Bucklo also was not informed that Judge Andersen had offered that morning to address Plaintiffs' purported emergency, and any other emergencies, before leaving the courtroom that morning.

11. Further, Plaintiff Love represented to Judge Bucklo that Plaintiff Love "really [didn't] know it's appropriate if I could appear before a judge in emergency like next week and notify the other party in time, but I didn't know how to do this." Transcript at 4. In reality, Plaintiff Love knew precisely how to notify the City of her intent to bring an emergency motion, as evidenced by her Notice of Motion. Plaintiff Love even acknowledged to Judge Bucklo that she was aware of the name and location of the City's attorney in this matter. Transcript at 5.

12. Following Plaintiff Love's appearance in her courtroom, Judge Bucklo entered an order granting in their entirety Plaintiffs' Motion to Preserve 911 Intake Calls and Motion to Preserve the Hard Drive. A copy of her order is attached hereto as Exhibit IV.

13. Had the City or the undersigned attorney been notified of Plaintiffs' intent to seek relief from a judge other than the assigned judge or at a time other than the time specified on Plaintiffs' Notice of Motion, the undersigned attorney would have had an opportunity to raise the City's objections to Plaintiffs' Motions. The City was denied this opportunity, through no fault of its own.

WHEREFORE, for the foregoing reasons, the City of Chicago respectfully requests that this Honorable Court enter an order vacating the order entered in this case by the Honorable Judge Elaine Bucklo on November 29, 2007.

Respectfully submitted,

Mara S. Georges
Corporation Counsel for the
City of Chicago

By:   s/David J. Seery
David J. Seery
Chief Assistant Corporation Counsel

30 North LaSalle Street
Room 1020
Chicago, Illinois 60602
(312) 744-9210

**CERTIFICATE OF SERVICE**

       I hereby certify that I have caused true and correct copies of the above and foregoing Defendant City of Chicago's Motion to Vacate Order Entered by Judge Bucklo on November 29, 2007, to be sent by U.S. Mail to the Pro Se plaintiffs named below, at the addresses shown below, on this 13th day of December 2007.

Christopher Grooms
7646 South Crandon
Chicago, Illinois 60649

Eddie Brantley
1110 West 50th Street
Apartment NM
Chicago, Illinois 60609

Stanley Hunter
5001 South Morgan
Chicago, Illinois 60609

Uylonda Henderson
335 West 91st Street
Chicago, Illinois 60620

Allisah Love
Post Office Box 4853
Chicago, Illinois 60680

                                                s/David J. Seery
                                                David J. Seery