## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GROOMS, | ) | |
| EDDIE BRANTLEY, | ) | |
| STANLEY HUNTER, | ) | |
| UYLONDA HENDERSON, and | ) | |
| ALLISAH LOVE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No.    07 C 6176 |
| v. | ) | |
| | ) | Judge Andersen |
| CITY OF CHICAGO POLICE | ) | |
| OFFICERS DAVID TENCZA, #9203, | ) | Magistrate Judge Valdez |
| MICHELLE WANTUCK, #19973, | ) | |
| SERGEANT JOHN LEE, #909, and | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | Jury Demanded |
| Defendants. | ) | |

**FILED**
DEC 19 2007
Dec 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

**TO:**    See Attached Service List

**PLEASE TAKE NOTICE** that we have this day filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiffs Response to Defendant City of Chicago's Motion To Vacate Order Entered By Judge Bucklo on November 29, 2007, a copy of which is attached.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff Allisah Love will appear before the Honorable Judge Wayne R. Andersen in room 1403 or before such Magistrate sitting in his stead, on Thursday, December 20, 2007 at 9:00 a.m. or as soon thereafter as counsel may be heard, and present the attached Plaintiffs Response to Defendant City of Chicago's Motion To Vacate Order Entered By Judge Bucklo on November 29, 2007.

**DATED** at Chicago, Illinois this 19th day of December 2007.

Respectfully Submitted,

By:    _[signature]_
Christopher Grooms
Pro se Plaintiff

Eddie Brantley
Pro se Plaintiff

Stanley Hunter
Pro se Plaintiff

Uylonda Henderson
Pro se Plaintiff

Allisah Love
Pro se Plaintiff

Christopher Grooms
P.O. Box 490136
Chicago, Illinois 60649
(312) 420-5053

Eddie Brantley
1110 W. 50th Street, Apt. NN
Chicago, Illinois 60609
(773) 253-8716

Stanley Hunter
5001 S. Morgan
Chicago, Illinois 60609

Uylonda Henderson
335 W. 91st Street
Chicago, Illinois 60620
(312) 476-0773

Allisah Love
P.O. Box 4853
Chicago, Illinois 60680
(312) 756-9329

## **SERVICE LIST**

City of Chicago Police Officer
David Tencza, #9203
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

City of Chicago Police Officer
Michelle Wantuck, #19973
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

City of Chicago Police Officer
Sergeant John Lee, #909
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

David J. Seery
Chief Assistant Corporation Counsel
30 North LaSalle Street
Room 1020
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

We hereby certify that we have caused to be sent by U.S. Mail and/or hand delivery, a true and correct copy of Plaintiffs Notice of Filing to the Defendants listed at the addresses shown on the attached service list on this 19th day of December 2007.


Christopher Grooms
Pro se Plaintiff


Eddie Brantley
Pro se Plaintiff


Stanley Hunter
Pro se Plaintiff


Uylonda Henderson
Pro se Plaintiff


Allisah Love
Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GROOMS,<br>EDDIE BRANTLEY,<br>STANLEY HUNTER,<br>UYLONDA HENDERSON, and<br>ALLISAH LOVE | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No.    07 C 6176 |
| v. | ) | |
| | ) | Judge Andersen |
| CITY OF CHICAGO POLICE | ) | |
| OFFICERS DAVID TENCZA, #9203, | ) | Magistrate Judge Valdez |
| MICHELLE WANTUCK, #19973, | ) | |
| SERGEANT JOHN LEE, #909, and | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | Jury Demanded |
| Defendants. | ) | |

**PLAINTIFFS RESPONSE TO DEFENDANT CITY OF CHICAGO'S MOTION
TO VACATE ORDER ENTERED BY JUDGE BUCKLO ON
NOVEMBER 29, 2007**

Plaintiffs Christopher Grooms, Eddie Brantley, Stanley Hunter, Uylonda

Henderson and Allisah Love, currently pro se plaintiffs, herby move this Court for entry

of an order denying Defendant City of Chicago's motion to vacate the order entered by

the Honorable Elaine E. Bucklo on November 29, 2007.  In support of this request, and in

response to Defendant's motion, Plaintiffs state as follows:

1.    Plaintiffs concur that on November 21, 2007, Plaintiffs filed their "Motion

for an Emergency Appearance" (herinafter, "Emergency Motion") and their "Motion to

Preserve 911 Intake Calls, Dispatch Tapes and Event Entries Via Computer From the

OEMC, Tapes of Intake Calls and Event Entries Via Computer From OPS, and Security

1

Video/Tapes From the City of Chicago Auto Pound" (herinafter, "Motion to Preserve 911 Intake Calls"). See Defendants Group Exhibit I.

2.    Plaintiffs concur that on the same date, November 21, 2007, Plaintiffs also filed a Notice of Motion for their Emergency Motion and Motion to Preserve 911 Intake calls. In this Notice of Motion, Plaintiffs indicated that they would present the above named motions on Thursday, November 29, 2007, at "9:00 a.m. or shortly thereafter..." before the Honorable Wayne R. Andersen in courtroom 1403. See Defendants Group Exhibit I.

3.    Plaintiffs concur that on November 28, 2007, Plaintiffs filed a "Motion to Preserve the Hard drive Plus Entries Via Computer from the City of Chicago Fourth District Police Station and Security Camera Hard Drive From the City of Chicago Auto Pound" (herinafter, "Motion to Preserve Hard Drive". See Defendants Group Exhibit II.

4.    Plaintiffs concur that they did not file a Notice of Motion for their Motion to Preserve the Hard Drive. On November 28, 2007, Plaintiffs filed a "Notice of Filing" for the Motion to Preserve Hard Drive; and on the same date, sent all Defendants copies of both the Notice of Filing and the Motion to Preserve Hard Drive via first class U.S. mail. A copy of the Notice of Filing and a copy of the receipt of mailing are attached hereto in Plaintiffs Group Exhibit I. Plaintiffs filed a "Notice of Filing" for the Motion to Preserve Hard Drive because it was filed exactly one day before Plaintiffs were to appear before the Honorable Wayne R. Anderson, on November 29, 2007, to present their Emergency Motion and Motion to Preserve 911 Intake Calls. Plaintiffs expected to seek the permission of the Court to present their Motion to Preserve Hard Drive on November 29, 2007, since it had only been filed one day prior. If allowed to present their Motion to

2

Preserve Hard Drive on November 29, 2007; Plaintiffs expected to hand a copy of said motion to the Clerk of the Court as well as "Counsel for Defendant City of Chicago, David Seery" (herinafter, "Counsel David Seery"); as he would have not yet received the Notice of Filing and Motion to Preserve Hard Drive via U.S. mail.   If the court denied Plaintiffs the opportunity to present their Motion to Preserve Hard Drive on November 29, 2007; Plaintiffs expected to request that this Motion be heard on the soonest possible date thereafter; considering the urgency of preservation.

5.     Plaintiffs have no knowledge of whether Counsel David Seery, appeared in The Honorable Wayne R. Andersen's courtroom on November 29, 2007, nor if he arrived prior to 9:00 a.m. The time indicated on Plaintiffs Notice of Motion to present their Emergency Motion and Motion to Preserve 911 Intake Calls, filed on November 21, 2007 was "9:00 a.m. or shortly thereafter…"

6.     Plaintiffs had no knowledge that The Honorable Wayne R. Andersen appeared in his courtroom on November 29, 2007 at 9:00 a.m. or shortly thereafter, and explained to those present that he would be unable to hear the cases on his 9:00 a.m. call that day except for emergency matters. Plaintiffs had no knowledge that The Honorable Wayne R. Andersen asked everyone in the courtroom whether there were any emergency matters that needed his attention. Plaintiffs had no knowledge of the response of those present, nor what time The Honorable Wayne R. Andersen specifically left the courtroom. Plaintiff Allisah Love can attest with certainty that whatever transpired in the Honorable Wayne R. Andersen's courtroom before he left happened before the time of 9:05 a.m.; the time of Plaintiff's exact arrival into courtroom 1403, and the time at which she set her cell phone to silent. The November 29, 2007 court proceedings recorded by

mechanical stenography should be able to verify the time frame in which the Honorable Wayne R. Andersen appeared and addressed those present before the court.

7. Plaintiffs have no knowledge of whether Counsel for the Defendant City of Chicago, David Seery, went before The Honorable Wayne R. Andersen's court personnel to reschedule the matters for case 07 C 6176. When Plaintiff Allisah Love arrived in courtroom 1403, at 9:05 a.m., attorneys were already lining up to reschedule their cases. At the time, Plaintiff Allisah Love did not know what was going on, so she sat on the front bench at the left side of the courtroom. When Plaintiff Allisah Love observed a series of attorneys go to the front of the court, then leave; she asked one of them what was going on. Plaintiff Allisah Love was told that someone the Honorable Wayne R. Andersen knew had passed away, and that all matters before him that day were being rescheduled. Plaintiff Allisah Love did not see Counsel David Seery in the courtroom at the time of her arrival or amongst those in line rescheduling cases with the court. Plaintiff Allisah Love waited until the line of attorneys dissipated before going before courtroom personnel to reschedule the matter to be heard that day. Plaintiffs do not concur that Counsel David Seery waited to step forward until all other attorneys and parties in the courtroom had rescheduled their cases; for if both Plaintiff Allisah Love and Counsel David Seery had done the same thing, it would be unreasonable that they would both miss each other's presence. Plaintiffs do concur that none of the Honorable Wayne R. Andersen's courtroom personnel received communication from Plaintiffs that they would be late or unable to attend the hearing on November 29, 2007, because Plaintiff Allisah Love had not anticipated being five minutes late.

4

8.      Plaintiffs have no knowledge of communication between Counsel David Seery and any of The Honorable Wayne R. Andersen's courtroom personnel, including his law clerk, on November 29, 2007. Plaintiffs also have no knowledge of Counsel David Seery's presence, arrival or departure in, to or from courtroom 1403 on that day.

9.      Plaintiff Allisah Love appeared in the Honorable Wayne R. Andersen's courtroom at 9:05 a.m. on November 29, 2007. When Plaintiff Allisah Love was informed that all cases before the Honorable Wayne R. Andersen that morning were being rescheduled; she waited until the line of attorneys had dissipated before stepping forward to reschedule her case. When Plaintiff Allisah Love asked court personnel for the soonest date available to reschedule matters to have been heard that day; she was told that the Honorable Wayne R. Andersen would not be hearing anything before December 20, 2007. December 20, 2007 is exactly thirty days from the date of the November 20, 2007 retaliation incident in which Plaintiff Allisah Love was falsely arrested. It is also the conclusion of the time frame in which the 911 intake calls and dispatch tapes can be requested from the "Office of Emergency Management and Communications" (herinafter, "OEMC"). Plaintiff Allisah Love did not know that she could appear before a different judge in an emergency, other than the judge who was assigned to her specific case. However, one of the attorneys present in the Honorable Wayne R. Andersen's courtroom, who can witness, if need be, that Plaintiff Allisah Love was toward the end of the line of those rescheduling their cases, as he was also; told her that she could go to the 20th Floor, to the Office of the Clerk of Court, find out who the Emergency Judge was for next week, and possibly have her matter heard by next week. When Plaintiff Allisah Love went to the 20th floor to find out who the Emergency Judge would be for the week

5

following November 29, 2007; instead of providing the following week's emergency judge, one of the staff from the office of the Clerk of Court told Plaintiff that if it were an emergency, there was an emergency judge present that day that she could appear before. The staff member then gave Plaintiff Allisah Love the Honorable Elaine E. Bucklo's name and courtroom; 1441. The staff member further told her that if Judge Bucklo was not available, the next person to see would be Judge Cole in courtroom 1838. Plaintiff Allisah Love chose to appear before The Honorable Elaine E. Bucklo on November 29, 2007 because of the urgency involving the preservation being requested for her case. On November 20, 2007, Plaintiff Uylonda Henderson heard the off duty police officer at the City of Chicago Auto Pound say that the security video from that evening was being pulled. See Plaintiffs Exhibit II, Letter to City of Chicago Department of Police, Internal Affairs Division at 2, paragraph 6.

10.     Plaintiff Allisah Love was able to appear before the Emergency Judge on November 29, 2007 only after all other regularly scheduled cases had been heard. Plaintiff concurs that before having reviewed the information for case 07 C 6176, the Honorable Elaine E. Bucklo told Plaintiff "I don't like to grant essentially injunctions without notice to the other side unless it's really that much of a problem." See Defendants Exhibit III, Transcript at 2. Plaintiff also concurs that she told the Honorable Elaine E. Bucklo that she would prefer that the counsel for the Defendants were there. Plaintiff Allisah Love has no knowledge of Counsel David Seery's presence, arrival or departure in, to or from courtroom 1403 on November 29, 2007, and therefore could not have informed the Honorable Elaine E. Bucklo of such. Plaintiff Allisah Love also had no knowledge of what transpired in the Honorable Wayne R. Andersen's courtroom prior

6

to 9:05 a.m. on November 29, 2007, and therefore could not inform The Honorable

Elaine E. Bucklo of what was said by The Honorable Wayne R. Andersen before his

departure.

11.     Plaintiff Allisah Love contests Counsel David Seery's assertion that she

misrepresented her understanding of the process for appearing before and emergency

judge to the Honorable Elaine E. Bucklo.  As stated previously, prior to November 29,

2007, Plaintiff Allisah Love did not even know that she could appear before a different

judge in an emergency, other than the judge assigned to her case.  Plaintiff Allisah Love

also did not know if she even would be able to appear before an emergency judge the

week following November 29, 2007, as each judge hears cases on specific days and

motions before them needed to be filed at lease a week prior.  Thus if the emergency

judge for the following week heard cases on Thursday and Friday, if Plaintiff Allisah

Love could prepare the paperwork in time, there may have been a chance for the motion

to be heard the following week, since November 29, 2007 was a Thursday.  If, however,

the emergency judge the following week heard cases before Thursday, Plaintiff feared

having to wait an additional week to be heard.  Again, Plaintiff Allisah love never found

out who the emergency judge would be the following week or what day emergency cases

would be heard; as on of the Clerk's Office staff members informed her that she could go

before an emergency judge that very day.  Plaintiff Allisah Love concurs that she

acknowledged to the Honorable Elaine E. Bucklo that she was aware of the name and

location of Defendant City of Chicago's counsel.  See Defendants Exhibit III, Transcript

at 5.

12.    After reviewing information for case 07 C 6176; specifically the order entered by the Honorable Wayne R. Anderson on November 16, 2007, regarding Plaintiffs Motion to Preserve 911 Dispatch Tapes and Event Entries Via Computer for the October 23, 2007 incident; the Honorable Elaine E. Bucklo made the decision to grant both of Plaintiffs motions for preservation; the one filed on November 21, 2007 and the one filed on November 28, 2007. Following the conclusion of Plaintiff Allisah Love's appearance before the Honorable Elaine E. Bucklo on November 29, 2007; Plaintiff hand delivered to Counsel David Seery's office a copy of both the motions presented, and the order granting such motions. The November 21, 2007 Motion to Preserve 911 Intake Calls that was granted can be seen in Plaintiffs Exhibit III. The same motion is a part of Defendants Group Exhibit I, except that it doesn't bear the stamp showing the date and time received by the Corporation Counsel's Office. Therefore, the November 21, 2007 Motion to Preserve 911 Intake Calls that is a part of Defendants Group Exhibit I, is a copy of the one they received via U.S. mail; not the one hand delivered to their office on November 29, 2007. The November 28, 2007 Motion to Preserve Hard Drive is in Defendants Exhibit II. The order granting both motions is in Defendants Exhibit IV.

13.    Plaintiff Allisah Love had no intentions of interfering with or superceding the authority of the Honorable Wayne R. Andersen in any way by appearing before the Honorable Elaine E. Bucklo. Plaintiff Allisah Love acted on what she believed to be an emergency, and acted in the manner in which she was informed to by those so kind to offer assistance. Counsel David Seery made no objections to the November 16, 2007 order regarding preservation of tapes from the October 23, 2007 incident. His motion to vacate the order entered by the Honorable Elaine E. Bucklo is based upon

8

Plaintiffs ignorance of the law, not the specific reasons for why evidence vital to Plaintiffs case should not be preserved.

14.    Plaintiffs are requesting that Defendant City of Chicago's motion to vacate order entered by Judge Bucklo on November 29, 2007 be denied, but that Defendants be allowed the opportunity to verbally raise any pertinent objections to Plaintiffs motions and that Plaintiffs be permitted to respond to such objections before evidence vital to Plaintiffs case be allowed to be withheld, destroyed or lost due to a technicality that, in an emergency, could be overridden by the power of the court.

15.    Plaintiffs are yet diligently seeking counsel to represent them in this case, so as not to be a burden upon this Honorable Court in any manner of presentation or argument that would be better imparted by a professional lawyer.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court denies Defendant City of Chicago's motion to vacate the order entered in this case by the Honorable Elaine Bucklo on November 29, 2007.

Respectfully Submitted,

By:    _Christopher Grooms_
Christopher Grooms
Pro se Plaintiff

_Eddie Brantley_
Eddie Brantley
Pro se Plaintiff

_Stanley Hunter_
Stanley Hunter
Pro se Plaintiff

9

Uylonda Henderson
Pro se Plaintiff


Allisah Love
Pro se Plaintiff


Christopher Grooms
P.O. Box 490136
Chicago, Illinois 60649
(312) 420-5053

Eddie Brantley
1110 W. 50th Street, Apt. NN
Chicago, Illinois 60609
(773) 253-8716

Stanley Hunter
5001 S. Morgan
Chicago, Illinois 60609


Uylonda Henderson
335 W. 91st Street
Chicago, Illinois 60620
(312) 476-0773

Allisah Love
P.O. Box 4853
Chicago, Illinois 60680
(312) 756-9329

## SERVICE LIST

City of Chicago Police Officer
David Tencza, #9203
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

City of Chicago Police Officer
Michelle Wantuck, #19973
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

City of Chicago Police Officer
Sergeant John Lee, #909
City of Chicago Police Headquarters
3510 South Michigan Avenue
Chicago, Illinois 60653

David J. Seery
Chief Assistant Corporation Counsel
30 North LaSalle Street
Room 1020
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

We hereby certify that we have caused to be sent by U.S. Mail and/or hand delivery, a true and correct copy of Plaintiffs Response to Defendant City of Chicago's Motion to Vacate Order Entered by Judge Bucklo on November 29, 2007, to the Defendants listed at the addresses shown on the attached service list on this 19th day of December 2007.


Christopher Grooms
Pro se Plaintiff


Eddie Brantley
Pro se Plaintiff


Stanley Hunter
Pro se Plaintiff


Uylonda Henderson
Pro se Plaintiff


Allisah Love
Pro se Plaintiff

12

# GROUP EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTOPHER GROOMS,
EDDIE BRANTLEY,
STANLEY HUNTER,
UYLONDA HENDERSON, and
ALLISAH LOVE

        Plaintiffs,

        v.

CITY OF CHICAGO POLICE OFFICERS
DAVID TENCZA, #9203,
MICHELLE WANTUCK, #19973,
SERGEANT JOHN LEE, #909, and
THE CITY OF CHICAGO,

        Defendants.

**RECEIVED**

NOV 2 8 2007

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Case No.    07C 6176

Judge Andersen

Magistrate Judge Valdez

Jury Demanded

## NOTICE OF FILING

**TO:**    City of Chicago Police Officers:    The City of Chicago
        David Tencza, #9203                    c/o
        Michelle Wantuck, #19973      The City of Chicago Corporation Counsel
        Sergeant John Lee, #909         30 N. LaSalle Street, Suite 1020
        City of Chicago Police Headquarters   Chicago, Illinois 60602
        3510 South Michigan Avenue
        Chicago, Illinois 60653

On Wednesday, November 28th, 2007, at the United States District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois; Plaintiff Allisah Love filed **PLAINTIFFS MOTION TO PRESERVE THE HARD DRIVE PLUS ENTRIES VIA COMPUTER FROM THE CITY OF CHICAGO FOURTH DISTRICT POLICE STATION AND SECURITY CAMERA HARD DRIVE FROM THE CITY OF CHICAGO AUTO POUND.**

                              Allisah Love
                              P.O. Box 4853
                              Chicago, Illinois 60680
                              (312) 756-9329

## PROOF OF SERVICE

I, the undersigned plaintiff, certify that on the 28th day of November, 2007, I served a copy of this notice to each person to whom it is directed by way of hand delivery and/or U.S. Mail before the hour of 5 pm.

_____
Signature/Certification

28 November 2007
Date

```
              LOOP STATION PO
              CHICAGO, Illinois
                 606049998
               1615420041-0082
11/28/2007 (312)385-3530 03:08:45 PM
=========================================
━━━━━━━━━ Sales Receipt ━━━━━━━━━
Product          Sale Unit      Final
Description      Qty  Price     Price
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

CHICAGO IL 60602              $0.58
Zone-0 First-Class
Letter
 1.40 oz.
                           ========
 Issue PVI:                  $0.58

CHICAGO IL 60653              $0.58
Zone-0 First-Class
Letter
 1.40 oz.
                           ========
 Issue PVI:                  $0.58

CHICAGO IL 60653              $0.58
Zone-0 First-Class
Letter
 1.40 oz.
                           ========
 Issue PVI:                  $0.58

CHICAGO IL 60653              $0.58
Zone-0 First-Class
Letter
 1.40 oz.
                           ========
 Issue PVI:                  $0.58

                           ==========
Total:                       $2.32

Paid by:
Cash                        $10.00
Change Due:                 -$7.68

Order stamps at USPS.com/shop or
call 1-800-Stamp24.  Go to
USPS.com/clicknship to print
shipping labels with postage.  For
other information call
1-800-ASK-USPS.

Bill#:1001800294255
Clerk:23

All sales final on stamps and postage.
Refunds for guaranteed services only.
     Thank you for your business.
**************************************
**************************************
     HELP US SERVE YOU BETTER

  Go to: http://gx.gallup.com/pos

    TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

      YOUR OPINION COUNTS
**************************************
**************************************


          Customer Copy
```

# EXHIBIT II

Uylonda Henderson
335 W. 91st Street
Chicago, Illinois 60620
(773) 253-8716

**Police Agent Caldwell, Unit 121**
City of Chicago Department of Police
3510 South Michigan Avenue
Chicago, Illinois 60653

**Re:** Complaint Log #1011098

19 December 2007

**Dear Police Agent Caldwell,**

      My name is Uylonda Henderson.  I am writing to provide information that I was a direct witness to on the evening of November 20, 2007, and that is directly related to complaint log # 1011098 which has recently been reopened and assigned to you for investigation.

      On October 23, 2007 my vehicle was impounded on false charges of drug possession. The lab results of the alleged substance found in my car revealed that the substance was not a narcotic.

      I was unable to retrieve my vehicle from the City of Chicago Auto Pound until November 20, 2007 because I could not afford to pay the impound fee, and the Administrative Hearing regarding the seizure of my vehicle was not held until November 19, 2007.

      On November 19, 2007 a receipt for vehicle immobilization and/or impoundment was issued to me by the City of Chicago Department of Revenue stating that I owed the City of Chicago no money, that my vehicle had been released to me, and that it could be picked up from the Auto Pound located at 10301 South Doty Avenue.

      I did not retrieve my vehicle from the Auto Pound on November 19, 2007 because my brother, who had been on life support for five days following a heart attack, passed away that day.

      On November 20, 2007, I went to the City of Chicago Auto Pound on Doty road with Eddie Brantley, Christopher Grooms and Allisah Love.

      Because my car had been sitting idle for nearly a month, it would not start and required a jump. My son, Eddie Brantley, wanted to jump my vehicle from his car, but he was not allowed to bring his car inside of the auto pound yard.  He then requested to push my vehicle outside of the auto pound yard but he was not allowed to do that either.

      City of Chicago pound staff recommended hiring on of the tow trucks on site to tow my vehicle outside of the tow yard the twenty to thirty feet it was from my son's car, but that would have cost a minimum of $50, something I was not expecting or prepared to pay.

      Consequently, all of us spent over two hours at the Auto Pound yard trying to figure out how to get my vehicle moved.

When I exited the tow yard to give everyone an update on what was going on, Allisah Love, who has kept all of my paperwork regarding the Administrative Hearings filed in an orderly fashion, informed me that she had called the Office Of Professional Standards (OPS) on the off-duty police officer on site because he refused to allow her to speak to a manager regarding the release of my vehicle.

At one point when Allisah Love was on the phone, I talked to OPS also, giving my name, personal information, and attesting that I was the owner of the vehicle at the impound and was a witness as to what was going on regarding the release of my car.

I had no idea and was completely shocked when police came and arrested Allisah Love at the Auto Pound. Sergeant Glenn, Officer Fisher and Officer Houston asked no questions of any of us, nor did they initially reveal to any of us why Allisah Love was being arrested.

After Christopher Grooms called his father, a retired Police Officer, and allowed him to speak with Sergeant Glenn, then it was revealed that the alleged charge against Allisah Love was trespassing.

At no point, while in my presence, was Allisah Love asked to leave the premises of the Auto Pound by the off-duty police officer working there that evening. In fact, Eddie Brantley, Christopher Grooms and I all stated to the officers on the scene that Plaintiff Allisah Love had done nothing criminal. We all confirmed that Allisah Love had never been told to leave the property or premises of the Auto Pound by the off-duty police officer while in the presence of any of us.

Allisah Love told Sergeant Glenn that for the period of time she was alone in the trailer, the security tapes could verify what was said inside.

Shortly after this, the off-duty police officer went back inside of the trailer on site, after which I entered also. I asked the off-duty police officer and why he had called the police on Allisah Love and he told me that he did it because Allisah Love had called OPS on him, and he was not about to let his job and livelihood be threatened. He also said that the security video was being pulled right then by another man in the trailer.

When Allisah Love was released on an i-bond early the next morning, she told me that the arresting officers had fabricated the police report against her and edited it two to three times: upgrading the trespassing charge to criminal trespassing, calling the auto pound yard state supported property, and also adding charges of resisting arrest and attempt to defeat.

I am here to attest, in no uncertain terms, that Allisah Love did not resist arrest or challenge the sergeant or arresting officers in any way at the Auto Pound. In fact, all of us were surprised at the behavior of the sergeant and the officers, *not* Allisah Love. They acted as if they were operating on a personal vendetta.

Allisah Love was not read her rights before being cuffed and placed into the rear of the police car. Our questions to the police officers were not initially answered and our account of what occurred was disregarded. In fact, before we were finally told that Allisah Love was being arrested for alleged trespassing, Sergeant Glenn said that "He (the off-duty police officer) wants her arrested so she's being arrested."

This entire incident and how it unfolded is absolutely outlandish. A person seeking to make a complaint in good faith and for good reason should not be punished for it.

Furthermore, had the false charges which resulted in the impoundment of my vehicle never occurred, the above described incident would not have occurred either; nor the personal hardship that my family had suffered from the beginning.

Hopefully this letter will assist you in your investigation. Should you have any questions or concerns, I may be contacted at the above listed phone number and address.

Respectfully,

Uylonda Henderson

Subscribed and sworn to before me

this 19 day of December 2007

at Chicago, County of Cook, State of Illinois.

Notary Public

"OFFICIAL SEAL"
NOTARY PUBLIC STATE OF ILLINOIS
ANN BROWNLOW
COMMISSION EXPIRES 08/04/10

3

# EXHIBIT III

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

NOV 21 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHRISTOPHER GROOMS,<br>EDDIE BRANTLEY,<br>STANLEY HUNTER,<br>UYLONDA HENDERSON, and<br>ALLISAH LOVE | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No.        07C 6176 |
| | ) | Judge Andersen |
| CITY OF CHICAGO POLICE OFFICERS<br>DAVID TENCZA, #9203,<br>MICHELLE WANTUCK, #19973,<br>SERGEANT JOHN LEE, #909, and<br>THE CITY OF CHICAGO, | ) ) ) ) ) ) | Magistrate Judge Valdez |
| | ) | Jury Demanded |
| Defendants. | ) | |

**PLAINTIFFS MOTION TO PRESERVE 911 INTAKE CALLS, DISPATCH TAPES AND**
**EVENT ENTRIES VIA COMPUTER FROM THE OEMC, TAPES OF INTAKE CALLS**
**AND EVENT ENTRIES VIA COMPUTER FROM OPS, AND SECURITY**
**VIDEO/TAPES FROM THE CITY OF CHICAGO AUTO POUND**

1.      Now comes the Plaintiff Allisah Love, requesting that this honorable court grant her motion to preserve the following: intake calls, dispatch tapes and event entries via computer from the City of Chicago Office of Emergency Management and Communications (OEMC); tapes of intake calls to The City of Chicago Office of Professional Standards (OPS); and Security Video/Tapes from the City of Chicago Auto Pound located at 10301 South Doty Avenue in Chicago. The following substantiates Plaintiffs request:

2.      On November 20, 2007, Plaintiff Allisah Love was arrested on false charges by members of the City of Chicago Police Department while attempting to assist Plaintiff Uylonda Henderson in the retrieval of her vehicle at the City of Chicago Auto Pound located at 10301 South Doty Avenue.

3.      The arrest of Plaintiff Allisah Love was an act of retaliation against her for prior complaints against the City of Chicago Police Department and for her involvement in federal case number 07C 6176, which was filed after the false arrest of her brother, Plaintiff Christopher Grooms and the unlawful search, seizure, detention and vehicle impoundment that he and the other Plaintiffs involved in this case endured.

4.      Plaintiff Allisah Love contends that this motion is very time sensitive in regard to the preserving electronic communication that can make clear the events that transpired in the above named incident November 20, 2007 which resulted in her false arrest. This request for preservation is vital to Plaintiff's case. 911 tapes must be requested within 30 days of the incident for which they are requested.

5.     Plaintiff Allisah Love is requesting that the 911 intake calls, dispatch tapes and event entries via computer from the OEMC be preserved for the address of 10301 South Doty Avenue for the date of November 20, 2007, and for the phone numbers (312) 756-9329 and (312) 420-5054.

6.     Plaintiff Allisah Love is also requesting that the intake calls and event entries via computer from OPS be preserved for the address of 10301 South Doty Avenue for the date of November 20, 2007, and for the phone numbers (312) 756-9329 as well as any calls made to OPS that same evening from the OEMC.

7.     Plaintiff Allisah Love further requests that the security video/tapes from the City of Chicago Auto Pound located at 10301 South Doty Avenue for the date of November 20, 2007 be preserved; especially those retrieved from inside of the main trailer where people must go to process the paperwork for the release of their vehicle.

**WHEREFORE,** Plaintiff respectfully requests that this honorable court grant PLAINTIFFS MOTION TO PRESERVE 911 INTAKE CALLS, DISPATCH TAPES AND EVENT ENTRIES VIA COMPUTER FROM THE OEMC, TAPES OF INTAKE CALLS AND EVENT ENTRIES VIA COMPUTER FROM OPS, AND SECURITY VIDEO/TAPES FROM THE CITY OF CHICAGO AUTO POUND.

Respectfully Submitted on
behalf of all Plaintiffs,


Allisah Love
Pro se Plaintiff


Christopher Grooms
P.O. Box 490136
Chicago, Illinois 60649

Eddie Brantley
1110 W. 50th Street, Apt. NN
Chicago, Illinois 60609

Stanley Hunter
5001 S. Morgan
Chicago, Illinois 60609

Uylonda Henderson
335 W. 91st Street
Chicago, Illinois 60620

Allisah Love
P.O. Box 4853
Chicago, Illinois 60680