# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE BRANTLEY, STANLEY HUNTER, and UYLONDA HENDERSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 07 C 6176 |
| v. | ) ) | Wayne R. Andersen |
| | ) | District Judge |
| CITY OF CHICAGO POLICE OFFICERS DAVID TENCZA, #9203 MICHELLE WANTUCK, #19973, SERGEANT JOHN LEE #909, and THE CITY OF CHICAGO, | ) ) ) ) ) ) | |
| Defendants. | | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on defendants' motion to dismiss [127]. Plaintiffs Eddie Brantley, Stanley Hunter and Uylonda Henderson have filed a six-count amended complaint against defendant Police Officers David Tencza and Michelle Lee, Sergeant John Lee and the City of Chicago alleging claims for false arrest, illegal detention, failure to prevent civil rights violation, intentional infliction of emotional distress, malicious prosecution and respondeat superior against the City of Chicago. For the following reasons, the motion to dismiss [129] is granted in part and denied in part.

## BACKGROUND

This lawsuit arises from a traffic stop on October 23, 2007 which involved plaintiffs Eddie Brantley and Stanley Hunter and a third person, Christopher Grooms, who is not a plaintiff in this lawsuit. Plaintiffs claim that they were stopped without probable cause and that Officer Tencza fabricated evidence by planting drugs in the back of the vehicle and as a result

Grooms was arrested and charged with a drug offense. Plaintiffs allege that they were left at the scene of the stop and told to walk home or to go to the station.

Plaintiffs allege that they went to the station and that Brantley was verbally attacked and arrested without cause by Officer Wantuck and charged with disrespect to an officer. Plaintiffs allege that Brantley also was issued a traffic violation. Plaintiffs claim that Brantley was then taken by Officer Wantuck to the back of the jail and not allowed to leave. Plaintiffs claim that Officer Lee observed Brantley being harassed and held without cause and failed to do anything about Officer Wantuck alleged verbal abuse.

Plaintiffs allege that the vehicle involved in the traffic stop was owned by plaintiff Uylonda Henderson. Plaintiffs claim that the vehicle was impounded, and as a result, she was without a vehicle for several months and had to take time off work to get her vehicle back. Plaintiffs claim that Henderson suffered mental and emotional distress, particularly when she was unable to visit her dying brother because she did not have access to transportation to the suburbs. Plaintiffs claim that as a result she was taken to the emergency room and treated for a mild heart attack.

Based upon the allegations set forth above, plaintiffs have asserted several claims against Police Officers Tencza, Wantuck and Lee and the City of Chicago. In Count I and II, plaintiffs assert section 1983 claims for false arrest and illegal detention against Officers Tencza, Wantuck, and Lee. In Count III, plaintiffs assert a section 1983 claim for failure to prevent civil rights violation. In Count IV and V, plaintiffs assert claims of intentional infliction of emotional distress and malicious prosecution under Illinois law against Officers Tencza, Wantuck, and Lee.

In Count VI, plaintiffs assert a claim of respondeat superior against the City of Chicago.

Defendants have filed a motion to dismiss plaintiffs' amended complaint

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *See Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir.1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Also, to survive a motion to dismiss, the facts asserted in the complaint if accepted as true must "state a claim to relief that is plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. (citing *Twombly*, at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996).

## DISCUSSION

### I. Count I: False Arrest

Officers Tencza and Lee argue that Count I should be dismissed because they never arrested Brantley, Hunter, or Henderson, and Officer Wantuck argues that Count I should be dismissed because he only issued a traffic citation to Brantley. To state a cause of action for false arrest under federal law, a plaintiff must show that: (1) the conduct complained of was committed by person acting under color of state law; (2) this conduct deprived plaintiff of rights, privileges, or immunities secured by Federal Constitution; and (3) defendant's acts were proximate cause of injuries and consequent damages sustained by plaintiff. *See Cornish v Papis*, 962 F. Supp. 1103 (C.D. Ill. 1997). In order to state a section 1983 claim alleging deprivation of the Fourth Amendment right not to be arrested without probable cause, plaintiffs need only plead that a person acting under color of state law arrested him without probable cause. *Bergstrom v. McSweeney*, 2003 WL 22902523 (N.D. Ill. 2003).

Taking the facts in the light most favorable to plaintiffs as is required by the standard of review for motions to dismiss, plaintiffs Hunter and Henderson never claim that they were arrested by defendants. Furthermore, plaintiffs never claim that Officers Tencza or Lee arrested any of the plaintiffs. Therefore, Count I is dismiss as to defendants Tencza and Lee.

Plaintiffs allege that Officer Wantuck arrested Brantley and charged him with disrespect to an officer without probable cause and that Officer Wantuck issued a traffic citation to Brantley. Police officers performing discretionary duties, such as determining whether they have probable cause to arrest, enjoy qualified immunity from suit unless it would have been clear to a reasonable police officer that, given the situation, his conduct violated a constitutional right. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 761 (7th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1013 (7th Cir. 2006)). The threshold issue in a qualified immunity inquiry is whether, given the facts taken in the light most favorable to the plaintiff, there is merit to the underlying constitutional claim. *See Saucier*, 533 U.S. at 200; *See also Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006). If so, then the court must determine whether the right was clearly established at the time of the alleged injury – that is, whether a reasonable officer would have known that his actions were unconstitutional. *Saucier*, 533 U.S. at 202; *Anderson*, 483 U.S. at 640; *Sornberger*, 434 F.3d at 1013.

The underlying constitutional claim, as asserted by plaintiffs, is that Officer Wantuck arrested Brantley without probable cause in violation of his Fourth Amendment right. However, Officer Wantuck had probable cause to arrest Brantley if he reasonably believed that, in light of the facts and circumstances within his knowledge at the time of the arrest, Brantley had committed or was committing an offense. *See Pourghoraishi*, 449 F.3d at 761. Furthermore, "the doctrine of qualified immunity leaves 'ample room for mistaken judgments' by police officers." *Id*. (citing *Payne*, 337 F.3d at 776).

Defendants argue that Brantley was only detained or "arrested" for the purposes of giving him a traffic violation. However, based on the allegations in the amended complaint, Brantley was not violating any laws, committing a crime, or driving recklessly. Furthermore, plaintiffs allege that Officer Wantuck arrested Brantley without probable cause and took him to the back of the jail and continued to harass him. Plaintiffs allege that later that day, Brantley was released and the charges were dropped. Based on these allegations, plaintiffs have stated a claim for false arrest. Therefore, Count I will not be dismissed against Officer Wantuck.

## II. Count II: Illegal Detention

Plaintiffs allege the same facts asserted in Count I in support of their claim for illegal detention. Defendants argue that Count II should be dismissed because, taking the facts in the light most favorable to the plaintiffs, Brantley and Hunter chose to go to the police station and Henderson never claims she was detained. They further argue that once at the police station, Brantley was only detained for the purposes of receiving a traffic citation.

Plaintiff Henderson never claims that she was detained by defendants. In fact, she does not even claim that she was present on October 23, 2007. Plaintiff Hunter also never claims that he was detained. Moreover, plaintiffs do not allege that Officers Tencza or Lee detained anyone. Therefore, Count II is dismissed as to Officers Tencza and Lee.

In the amended complaint, Brantley and Hunter allege that they were left at the scene of the stop and later walked to the police station. The court assumes that the illegal detention alleged by plaintiffs in Count II refers to the detention at the police station of plaintiff Brantley after his arrest which is alleged in Count I. Even when an underlying arrest is lawful, it may be possible to state a cause of action under section 1983 when detention in police custody was

unlawfully prolonged. The circumstances of the arrest and the charge placed against a plaintiff are relevant in determining whether detention was unlawfully prolonged. Here, however, since Brantley does not claim that the length of his detention was unreasonable, no per se violation of section 1983 is claimed. *See Bostic v Chicago*, 981 F2d 965 (7th Cir. 1992). However, the inquiry does not end here.

The detention of an individual by police officers may be intrinsically unlawful, and thus actionable under section 1983, if the detention results from an arrest made without a sufficient legal basis. If the arrest leading to a plaintiff's detention was unlawful, it generally will not be necessary to prove that the ensuing detention was unreasonable in and of itself since police officers will be deemed responsible for all foreseeable consequences of an unlawful arrest, including a prolonged detention. *See Moore v. Marketplace Restaurant Inc.*, 754 F.2d 1336 (7th Cir. 1985). Taking the facts in the light most favorable, plaintiffs sufficiently allege that the arrest of Brantley was unlawful. Therefore, Count II remains against Officer Wantuck.

### III. Count III: Failure to Prevent Civil Rights Violation

Plaintiffs claim that Brantley was arrested without probable cause and his arrest was "witnessed and encouraged by the other Defendants." (Compl. ¶ 35). Defendants also claim that the other police officers "had the opportunity and duty to prevent the violation of the Plaintiffs' civil rights by the other Defendants, but failed to do so" (*Id*. ¶ 36). Defendants argue that Count III should be dismissed because the other officers would not have reason to believe that the arrest of Brantley was unconstitutional.

In *Brishke*, this court held that "one who is given a badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily

punish a third person in his presence or otherwise within his knowledge." *Yang v. Hardin*, 37

F.3d 282, 285 (7th Cir. Ill. 1994) (citing *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)).

However, a two-prong test must be satisfied before the duty to intervene arises. First, the officer

must have reason to know excessive force was being used, a citizen was unjustifiably arrested or

that any constitutional violation has been committed by a law enforcement official. Second, the

officer must have had a realistic opportunity to intervene to prevent the harm from occurring.

*See Yang*, 37 F.3d at 285.  In addition, the failure to intervene must be intentional and not merely

the negligent failure to perceive an unlawful arrest or search. *See Jones v. Troy*, 88 C 5702, 1989

WL 134502, at *2 (N.D. Ill. Oct. 13, 1989) (citing *Rascon v. Hardiman*, 803 F.2d 269, 276 (7th

Cir. 1986)).

Plaintiffs do not allege enough to satisfy the first prong of this test. To state a claim,

plaintiffs must allege that other police officers should have had reason to know that Officer

Wantuck unjustifiably arrested Brantley.  Plaintiffs do not make this allegation. Rather, they

claim that Officer Lee "observed Brantley being harassed and held without cause, in the back of

the jail" (Compl. ¶ 27); they do not assert that either Officer Lee or Tencza saw the arrest which

was, as plaintiffs allege, "without cause, provocation, or reason" (*Id*. ¶ 23) Without more,

plaintiffs do not allege facts showing that Officers Lee or Tencza could have or should have

known that Officer Wantuck was violating Brantley's rights.  Therefore, Count III is dismissed.

## IV.  Count IV: Intentional Infliction of Emotional Distress

Plaintiffs claim that defendants have caused plaintiffs to "suffer emotional distress,

which includes but is not limited to: depression, anxiety, irritability, fear, sleeplessness, [and]

humiliation" (Compl. ¶ 40).  Plaintiffs claim that Uylonda Henderson was the owner of the

vehicle, and she experienced emotional distress because she was without a car for several months. Defendants argue that the only facts relating to the suffering of emotional distress relate to Henderson's impounded vehicle and that Count IV should be dismissed because impounding a car is not extreme or outrageous conduct.

Under Illinois law, in order to meet threshold for intentional infliction of emotional distress, a plaintiff must allege that: (1) defendant's conduct must be truly extreme and outrageous; (2) the defendant either intended that his conduct inflict severe emotional distress or knew that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact have caused severe emotional distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (Ill. 1988) (citing *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90 (1976)).

Plaintiffs claim that Henderson suffered both emotionally and physically as a result of not having access to her car. However, in order to state a claim for intentional infliction of emotional distress, the conduct "must extend beyond the bounds of human decency and be considered intolerable in a civilized community; therefore, to serve as basis for recovery, defendant's conduct must be such that recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'" *Lewis v. School Dist. No. 70*, 523 F.3d 730, 747 (7th Cir., 2008). Here, the act of impounding the vehicle does not rise to this level. Additionally, plaintiffs make no allegation that the defendant officers either intended or knew that impounding the Henderson vehicle would cause severe emotional distress or the high probability of severe emotional distress. Therefore, defendants' motion to dismiss Count IV is granted.

**V. Count V: Malicious Prosecution Under Illinois Law**

Plaintiffs claim that prosecution was initiated by the Officers Tencza, Wantuck, and Lee to cover up the unjustifiable stop, search, arrest and charges against Brantley and Hunter. Defendants argue that Count V should be dismissed because no judicial proceeding was commenced against any of the plaintiffs.

To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. Ill. 1996) (citing *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995)). The presence of bad faith or malice, for purposes of the fourth element of a malicious prosecution case in Illinois, is not the same thing as probable cause (or its absence), for purposes of the third element, *i.e.*, the absence of probable cause for the proceeding. *King v. Burlington N. & Santa Fe Ry.*, 538 F.3d 814, 819 (7th Cir. Ill. 2008). Rather, a plaintiff "must allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir.2001). Additionally, the injury must be "beyond the cost and annoyance of defending the suit." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002).

Here, plaintiffs do not claim that Hunter or Henderson were subjected to judicial proceedings. They do, however, claim that Brantley was arrested without probable cause and

subjected to malicious prosecution.  Nevertheless, plaintiffs have failed to state a cause of action for malicious prosecution against Brantley for two reasons.  First, plaintiffs do not assert facts supporting the conclusion that any proceedings were instituted maliciously; nor do they claim that defendants ever falsified or withheld information to any prosecutor or court.  *See Davis v. Watterson*, 2009 U.S. Dist. LEXIS 13421, 5-6 (S.D. Ind. Feb. 20, 2009).  Also, Brantley does not claim that an injury beyond "cost and annoyance" resulted.  Therefore, Count V is dismissed.

## VI.  Count VI: Respondeat Superior

Defendants argue that Count VI should be dismissed because all the other counts should be dismissed against the defendant officers and the City of Chicago is not liable to a plaintiff if its employees or agents are not liable to the plaintiff.  To establish a respondeat superior claim in Illinois, a plaintiff must first show that the employee is liable to him; if the employee is not liable, then the local public entity cannot be held liable under the Illinois Tory Immunity Act, 745 ILCS 10/2-109 (2004).  However, under the doctrine of respondeat superior, an employer may be liable for the negligent, wilful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer.  *Brown v. King*, 328 Ill. App. 3d 717, 722 (Ill. App. Ct. 1st Dist. 2001).  Because Officer Wantuck remains a defendant in Counts I and II, the issue remains whether or not the City can be held liable for the officer's alleged misconduct.  Therefore, defendants' motion to dismiss Count VI is denied.

## CONCLUSION

For all of the reasons set forth in the court's Memorandum Opinion and Order, defendants' motion to dismiss [127] is granted in part and denied in part. Counts I and II are dismissed against defendants Tencza and Lee but remain as to Officer Wantuck. Counts III, IV and V are dismissed in their entirety, and Count VI remains against the City of Chicago. Because the claims alleged by defendants Hunter and Henderson have been dismissed, defendant Brantley is given leave to file a second amended complaint in compliance with this Memorandum, Opinion and Order on or before May 14, 2010. This matter is set for status on May 20, 2010 at 9:00 a.m.

It is so ordered.

Wayne Andersen

Wayne R. Andersen
United States District Court

Dated: April 13, 2010